**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL BRANDS LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:13-cv-00321 |
| v. | ) ) | |
| KELLOGG NORTH AMERICA COMPANY, KELLOGG USA INC., KEEBLER COMPANY, KEEBLER FOODS COMPANY, AND KELLOGG SALES COMPANY, | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Kraft Foods Global Brands LLC, on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to the acts of others, hereby files this Complaint for Patent Infringement against Kellogg North America Company, Kellogg USA, Inc., Keebler Company, Keebler Foods Company, and Kellogg Sales Company (collectively, "Defendants") and alleges as follows:

**PARTIES**

1. Plaintiff Kraft Foods Global Brands LLC ("Global Brands") is a Delaware corporation with its principle place of business at 3 Lakes Drive, Northfield, IL 60093.

2. Plaintiff is informed and believes that Defendant Kellogg North America Company is a Delaware corporation with its principle place of business at One Kellogg Square, P.O. Box 3599, Battle Creek, MI 49016.

1

3. Plaintiff is informed and believes that Defendant Kellogg USA, Inc. is a Michigan corporation with its principle place of business at One Kellogg Square, P.O. Box 3599, Battle Creek, MI 49016.

4. Plaintiff is informed and believes that Defendant Keebler Company is a Delaware corporation with its principle place of business at One Kellogg Square, P.O. Box 3599, Battle Creek, MI 49016.

5. Plaintiff is informed and believes that Defendant Keebler Foods Company is a Delaware corporation with its principle place of business at One Kellogg Square, P.O. Box 3599, Battle Creek, MI 49016.

6. Plaintiff is informed and believes that Defendant Kellogg Sales Company is a Delaware corporation with its principle place of business at One Kellogg Square, P.O. Box 3599, Battle Creek, MI 49016.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's patent infringement claims under 28 U.S.C. § 1338(a), in that the claims arise under the Acts of Congress relating to patents, 35 U.S.C. § 101 *et seq*.

8. Defendants are subject to personal jurisdiction in this District because Defendants conduct continuous and systematic business in the State of Illinois. Moreover, Defendants have purposefully directed the actions identified herein at the State of Illinois and within this District, which actions constitute direct and/or indirect acts of patent infringement from which this Complaint arises.

9. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Defendants conduct continuous and systematic business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

10. Plaintiff Global Brands is the owner of all right, title, and interest in United States Patent No. 6,918,532 B2 entitled "Resealable Food Container," filed April 16, 2003, and duly and legally issued on July 19, 2005 ("the '532 patent"). The technology disclosed in the '532 patent is generally known as "Snack 'n Seal" ("SNS") technology. Global Brands possesses all rights of recovery under the '532 patent, including the right to recover damages for past infringement. A true and correct copy of the '532 patent is attached to this Complaint as Exhibit A.

11. Defendants are in the business of producing and selling food, including cereal, cookies and other snacks. Defendants make, use, sell and/or offer to sell Keebler Sandies cookies including, but not limited to, Sandies Simply Shortbread cookies, Sandies Pecan Shortbread cookies, Sandies Dark Chocolate Almond cookies, Sandies Cashew Shortbread cookies and Sandies Toffee Shortbread cookies, which are packaged in an SNS container (collectively, "the Keebler Sandies Product"). As used herein, "Keebler Sandies Product" shall include the infringing Keebler Sandies Products and any other product using the same or similar SNS technology that Defendants have commercialized or will commercialize during the pendency of this lawsuit.

12. Generally, the Keebler Sandies Product includes a polygonal food container with a wrapper that surrounds a frame, forming the top sides and bottom, and contains discrete cookies.

13. The frame of the Keebler Sandies Product also defines the polygonal shape of the product container.

14. The top of the Keebler Sandies Product has an access opening sufficiently large to provide hand access to substantially all of the cookies contained within the frame such that substantially any one of the cookies can be accessed and removed individually through the access opening.

15. The Keebler Sandies Product has a sealing layer that adhesively seals to the top around the opening, which includes a starter portion near the side of the top which can be grasped by a user.

16. The top of the Keebler Sandies Product container includes graphics around the opening, and the sealing layer includes graphics which match the graphics on the top.

17. The sealing layer of the Keebler Sandies Product is releasable when the starter portion is pulled in a direction away from the side to in turn pull and thereby release at least portion of the sealing layer to provide hand access to the top opening.

18. The sealing layer of Keebler Sandies Product is reclosable against the top to seal the opening when the sealing layer is moved back against the top.

19. The Keebler Sandies Product has tamper-evidence structures, among other features.

20. Based upon the allegations in paragraphs 12-19, Defendants literally infringe one or more of the claims of the '532 patent.

21. To the extent variations, if any, to the Keebler Sandies Product exist, such variations still fall within one or more claims of the '532 patent in that the variations perform the

same function in substantially the same way to obtain substantially the same result as the subject matter claimed in the '532 patent.

## COUNT I:

**(Infringement of United States Patent No. 6,918,532)**

22. Plaintiff incorporates by reference paragraphs 1 through 21 as if set forth here in full.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants have made, used, offered to sell, and/or sold this judicial district and elsewhere in the United States, and/or imported into the United States, and are still making, using, offering to sell, selling, and/or importing into the United States, products that infringe at least claims 1, 3, 4, 6, 12, 13, 15-17, 23, 24, 26-37, 39-45 of the '532 patent, literally and/or under the doctrine of equivalents, in violation of Global Brands statutory rights. These infringing products include the Keebler Sandies line of products or any other product using the same or similar SNS technology that Defendants have commercialized or commercialize during the pendency of this lawsuit.

24. On information and belief, Defendants had knowledge of the '532 patent at least by August 2012, when Defendants disclosed the fact of their knowledge in conjunction with their use of Snack 'n Seal technology in the Keebler Sandies Product in a meeting with representatives of what is now Global Brands' parent company, Mondelēz, in Northfield, Illinois. Defendants had knowledge of their infringement at least by the date of service of this Complaint. Despite knowledge of the '532 patent, Defendants continue to commit acts of infringement. Defendants' continued infringement of the '532 patent is deliberate and intentional, making this an exceptional case within the meaning of the United States Patent Laws.

25. Global Brands has been and will continue to be irreparably harmed by Defendants' infringement of the '532 patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following judgment and relief:

a. that Defendants have infringed the '532 patent;

b. that Global Brands is entitled to permanent injunctions barring Defendants and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '532 patent;

c. that Defendants shall account for and pay to Global Brands all damages which are available pursuant to 35 U.S.C. § 284.

d. that Defendants deliver for destruction or to destroy all infringing products in their possession;

e. that Defendants shall account for and pay to Global Brands the damages to which Global Brands is entitled as a consequence of the infringement of the '532 patent;

f. that Defendants be ordered to make an accounting of their respective sales, profits, royalties, and damages owed to Global Brands, including a post-judgment equitable accounting of damages for the period of infringement of the '532 patent following the period of damages established by Plaintiff at trial;

g. that this case is exceptional pursuant to 35 U.S.C. § 285;

h. that Defendants pay attorneys' fees pursuant to 35 U.S.C. § 285;

i. that Defendants pay pre-judgment and post-judgment interest;

j. that Global Brands be awarded its costs, fees, and expenses in this action; and,

k. any other award or relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 16, 2013

By: /s/ Jacob D. Koering

**Freeborn & Peters LLP**
Jacob D. Koering
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Phone: (312) 360-6703

**Robins, Kaplan, Miller & Ciresi, L.L.P.**
Michael V. Ciresi (*pro hac vice* pending)
Jan M. Conlin (*pro hac vice* pending)
Katie Crosby Lehmann (*pro hac vice* pending)
Melissa A. Goodman (*pro hac vice* pending)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500

**ATTORNEYS FOR PLAINTIFF**