IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRAFT FOODS GLOBAL BRANDS LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:13-cv-00321 |
| v. | ) ) ) | |
| KELLOGG NORTH AMERICA COMPANY, KELLOGG USA INC., KEEBLER COMPANY, KEEBLER FOODS COMPANY, AND KELLOGG SALES COMPANY | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** Judge Matthew F. Kennelly |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STRIKE, AND TO COMPEL SUPPLEMENTATION OF DEFENDANTS' LPR 2.3 INITIAL INVALIDITY CONTENTIONS

### INTRODUCTION

Defendants alleged in their Local Patent Rule ("LPR") 2.3 Initial Invalidity Contentions that a Reseal-It foreign prototype sample package was known, sold, or used in the United States to qualify it as prior art under 35 U.S.C. § 102(b), but now they admit that they have no factual justification to support this allegation. (Ex. E at 1.) Defendants claim the discovery process allows them to search for the information they need to determine whether the foreign prototype is prior art by conducting foreign discovery on the date of the foreign prototype at issue and whether it has any connection to the United States. Defendants are on a very expensive fishing expedition that will take the parties through various foreign countries. (Defendants have stated that they are also counsel for Fuji Packaging GmbH and Reseal-It, the foreign entities tied to the foreign prototype, but no factual evidence has been provided.) Ultimately, this expensive discovery process will likely have no relevance to the case. Plaintiff requests that Defendants'

1

Reseal-It foreign prototype invalidity chart and the foreign prototype itself be stricken from the case. If the motion to strike is not granted, Plaintiff requests that limitations be imposed to limit the time and scope of any foreign discovery on this matter.

Plaintiff also moves to compel Defendants to list their obviousness combinations by claim at issue in this case and to state the motivation to make each such combination. Defendants have effectively reserved the right to make any combination, and to later identify the specific reasons to combine, based on a list of prior art. No obviousness combinations by claim are provided. Only a general explanation on obviousness and any motivation to combine overall is provided. Plaintiff has no notice as to what combinations are asserted or why. This is insufficient under LPR 2.3(b)(2).

Lastly, during the meet and confer process, Defendants appeared to intend to incorporate by reference a chart from the reexamination history that cites to seven prior art references. (Ex. E.) The tricky part is that Defendants are not relying on the chart "as is." Instead, Defendants have explained a revision to the chart and also reserved the right to revise the chart in other, unspecified ways. Given the difficulty in understanding Defendants' validity positions, Plaintiff requests that Defendants be required to supplement their LPR 2.3 disclosures to formally include and explain the chart. Plaintiff will then respond to any new validity allegations included therein.

The parties exchanged correspondence about these issues prior to engaging in a meet and confer. (*See* Exs. B-C.) A telephonic meet and confer took place on May 30, 2013 at 2:30 PM with counsel for Plaintiff and counsel for Defendants participating. Following the telephonic meet and confer, additional correspondence was exchanged. (*See* Exs. D-G.) Despite good faith efforts to resolve their differences, the parties were unable to reach an accord. A telephonic hearing is set for this matter on Tuesday, June 25, 2013 at 9:00 AM.

**LEGAL ARGUMENT**

The Local Patent Rules require Defendants to make meaningful early disclosure of their specific invalidity arguments. *See* Judge Matthew F. Kennelly & Edward D. Manzo, *Northern District of Illinois Adopts Local Patent Rules*, 9 J. Marshall Rev. Intell. Prop. L. 202, 212-13 (2009). Local patent rules generally "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citations omitted).[1]

Local Patent Rule 2.3(b) "requires a party asserting invalidity to disclose the basis of its claims in detail and *with particularity*." *Groupon, Inc. v. MobGob, LLC*, No. 10-cv-7456, 2011 U.S. Dist. LEXIS 56937, at *13 (N.D. Ill. May 25, 2011) (emphasis added). Invalidity disclosures "must be meaningful – as opposed to boilerplate – and non-evasive." Comment to LPR 2.2-2.5. Defendants' Initial Invalidity Contentions fail to meet these standards. Under the Local Patent Rules, at this stage in the litigation, Defendants must provide "more particularized information" than was disclosed through their answer and counterclaims to the initial complaint. *See Helferich Patent Licensing, LLC v. J.C. Penney Corp., Inc.*, Case No. 11 CV 9143, 2012 U.S. Dist. LEXIS 123171, at *7 (N.D. Ill. Aug. 28, 2012) ("the Local Patent Rules . . . require more particularized information to be disclosed during the Invalidity Contentions stage."); *Cleversafe, Inc. v. Amplidata, Inc.*, 11 C 4890, 2011 U.S. Dist. LEXIS 145995, at *5 n.2 (N.D. Ill. Dec. 20, 2011) ("the Local Patent Rules subsequently require the party to provide more detailed contentions."); *Pfizer, Inc. v. Apotex, Inc.*, 726 F. Supp. 2d 921, 938 (N.D. Ill. 2010) ("Pursuant to *Local Patent Rules* 2.2 and 2.3, both parties will be required to disclose of certain

---

[1] In this case the Federal Circuit analyzed the Local Patent Rules from the Northern District of California. This Court's LPR 2.3 is nearly identical to LPR 3-3 from the Northern District of California, as well as to Patent Rule 3-3 from the Eastern District of Texas.

3

information regarding their theories of the case.").

### A. Defendants' Invalidity Contentions Fail to Establish the Foreign Reseal-It Prototype as Prior Art.

Defendants should be precluded from alleging invalidity on the basis of the Reseal-It foreign prototype since they cannot qualify it as prior art. For claims made under 35 U.S.C. § 102(b), LPR 2.3(b)(1) requires Defendants to disclose the "date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known." Further, the sale or use must have taken place in the United States. 35 U.S.C. § 102(b). Defendants alleged that the foreign prototype "was in public use and/or on sale in this country" more than one year before the effective filing date of the patent-in-suit, yet they have no facts to support these allegations. (*See* Ex. A at 4-5.) In their June 10, 2013 letter Defendants stated that they have disclosed all of the information that they have about the foreign prototype. (Ex. E at 1.) This disclosure includes no evidence whatsoever of any prior sale, knowledge, or use of the foreign prototype in the United States. Thus, Defendants have failed to establish that the prototype is prior art under Section 102(b) or any other 102 section.[2]

Further, according to Defendants' Answer and Counterclaims and Initial Invalidity Contentions, the Reseal-It foreign prototype originated in Germany and/or Sweden, and was

---

[2] Defendants have also asserted inequitable conduct based upon this same foreign prototype. For an inequitable conduct claim based upon non-disclosure of alleged prior art, *Therasense* applies a "but-for materiality" standard. Under this standard, when "an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art." 649 F.3d 1276, 1291 (2011). Here, Defendants cannot qualify the foreign prototype as prior art so the but-for materiality test cannot be met. To get around this, Defendants claim the but-for materiality test does not apply to this situation because an exception to the but-for materiality test applies for "egregious affirmative misconduct." (Ex. E, p. 2 at n.1) Now, despite not having any facts to support the foreign prototype as prior art or any facts linking the art to the United States, Defendants are accusing Plaintiff of affirmative egregious misconduct involving a "'deliberately planned and carefully executed scheme[s] to defraud the PTO and the court." The substance of the inequitable conduct claim will be raised at a later date. This issue is raised now because it relates to the broad-reaching and unrestricted discovery Defendants apparently intend to undertake.

4

allegedly "offered for sale, sold, displayed, and/or publicly used in 2001" in Germany. (*See* Ex. A at 5.) The disclosure requirements under the Local Patent Rules require that Defendants disclose the evidence that forms the basis to support these statements. *See* LPR 2.3(b)(1). Moreover, the Local Rules intend for Defendants to make this disclosure before Plaintiff is made to engage in costly and complicated foreign discovery in an attempt to investigate the alleged prior art status of this foreign prototype.

Under LPR 1.5, counsel for Defendants certified that there was a legal and factual basis for Defendants' statements regarding the alleged offer for sale, display, and/or public use of the prototype. But Defendants have revealed that they do not have a legal or factual basis for their characterization of the foreign prototype as "prior art." (*See* Ex. E at 1.) Accordingly, Plaintiff respectfully requests that the foreign prototype, the invalidity chart associated with the prototype (Ex. A at 25), and all references to the foreign prototype be stricken and barred from use in this case.

If the Court is inclined to preliminarily allow the foreign prototype in the case for discovery purposes, Plaintiff requests that any foreign discovery be limited in time and scope.

**B.   Defendant's Invalidity Contentions Do Not Provide Meaningful Disclosure of the Combinations of References Upon Which They Intend to Rely to Show Obviousness, Nor the Specific Reasons to Make Each Such Combination.**

Defendants must disclose their actual invalidity contentions. Where, as here, Defendants rely on combinations of prior art to allege invalidity by obviousness, Local Patent Rule 2.3(b)(2) requires Defendants to disclose "each such combination, and [to identify] the reasons to combine such items." *See also Realtime Data, LLC v. Packeteer, Inc.*, Case No. 6:08-cv-144, 2009 U.S. Dist. LEXIS 114207, at *19-23 (E.D. Tex. Dec. 8, 2009) (rejecting the "argument that a defendant has the ability to rely upon language in its invalidity contentions . . . stating that it

5

effectively reserves the right to assert obviousness combinations from any of the prior art references that appear in its invalidity contentions" and also reasoning that broad contentions "resulting in an impossibly high number of combinations" could not "reasonably serve the notice function contemplated by the Patent Rules"). The requirements of LPR 2.3(b)(2) are not ambiguous, and are not satisfied by a mere reservation of the right to assert obviousness combinations from any and all prior art references, which is what Defendants have done here.

Defendants did not disclose any specific combinations of the prior art or the reasons to combine such items. Instead, they identified "as if originally set forth herein, all prior art references listed and/or asserted in all reexamination proceedings involving the patent-in-suit ('Incorporated Invalidity Contentions') as invalidating prior art," (Ex. A at 3), and contended only that "each of the Asserted Claims of the patent-in-suit is anticipated by and/or rendered obvious in view of one or more of the prior art references identified herein alone or in combination." (Ex. A at 4.) Through the meet and confer process, Defendants appear to have limited the scope of prior art to the five charted allegedly anticipatory references and the seven additional references found in a chart (Ex. E) included in the reexamination history of the patent-in-suit. This leaves twelve alleged prior art references that Defendants state can be combined in any way for any reason. By failing to clearly name the combinations in play, Defendants have effectively shifted the burden to Plaintiff to determine what the combinations are and to identify the specific motivation to combine. (*See* Ex. F.) This is improper.

Further, Defendants added the boiler-plate disclaimer that "the combinations of references demonstrating the obviousness of the patent-in-suit under 35 U.S.C. § 103 are merely exemplary and are not intended to be exclusive." (Ex. A at 8.) Therefore, Defendants appear to be reserving the right to assert *any* prior art raised in the initial and reexamination of the patent-

6

in-suit in *any* unnamed combination, leaving Plaintiff with no certainty regarding Defendants' obviousness combinations or motivation to make any such combination.

In order to obtain the certainty designed to be provided by the Local Patent Rules, Plaintiff requests that the Court limit the references Defendants may rely upon for obviousness to the twelve named prior art references, require Defendants to list the exact prior art combinations by claim and compel Defendants to provide specific motivations to make each such combination.

### C. Defendants Should Be Required to Formally Amend Their LPR 2.3 Statement to Include and Explain Their Intended Reliance On a Chart Included in the Reexamination History of the Patent-in-Suit.

During the meet and confer process, Plaintiff learned that, for obviousness, Defendants intend to rely on a chart filed during the reexamination of the patent-in-suit that includes citation to seven prior art references.[3] Plaintiff does not object to Defendants' reliance on the chart, but does require a clear explanation of any changes Defendants have made or intend to make to the chart itself. At this point, Defendants have stated that their reliance on the chart is not exactly consistent with the positions asserted in the reexamination chart and that Defendants reserve the right to rely on the art cited within the reexamination chart for reasons and limitations other than those listed in the chart itself. LPR 2.3 requires Defendants to make clear their invalidity positions. Plaintiff respectfully requests that the Court compel Defendants to comply with LPR 2.3 by requiring Defendants to amend their LPR 2.3 statement. This amendment should clearly identify the chart Defendants intend to rely upon and any variations to the chart itself. To the extent Defendants are asserting positions not raised in the chart, those positions should also be identified.

---

[3] Plaintiff does not understand Defendants to be relying on any of the alleged art in the reexamination chart for anticipation. If Plaintiff's understanding is incorrect, Plaintiff requests that Defendants be required to clearly state any anticipation arguments other than those included in the anticipation charts A1-A5. Plaintiff also has reserved the right to respond to the obviousness allegations linked to the reexamination chart, but believes the most appropriate time to respond is after Defendants amend their LPR 2.3 statement.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its requested relief, enforcing and/or compelling Defendants' compliance with the Local Patent Rules.


Dated: June 20, 2013                Respectfully submitted,


                                    By:  /s/ Jacob D. Koering


**Freeborn & Peters LLP**
Jacob D. Koering
311 South Wacker Drive
Suite 3000
Chicago, IL 60606
Phone: (312) 360-6703

**Robins, Kaplan, Miller & Ciresi, L.L.P.**
Michael V. Ciresi (*pro hac vice*)
Jan M. Conlin (*pro hac vice*)
Katie Crosby Lehmann  (*pro hac vice*)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Phone: (612) 349-8500


**ATTORNEYS FOR PLAINTIFF
KRAFT FOODS GLOBAL BRANDS LLC**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused the foregoing document to be served via the United States District Court for the Northern District of Illinois, to all counsel of record via the Court's CM/ECF filing system on the 20th day of June, 2013.

                                                */s/ Jacob D. Koering*
                                                One of the attorneys for Plaintiff
                                                Foods Global Brands LLC